Russell S. Buhite, WSBA #41257
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone:  (206) 693-7052
Facsimile:   (206) 693-7058
Email: russell.buhite@ogletree.com

*Attorneys for Plaintiff Hartford Life*
*and Accident Insurance Company*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MORYSSA N. ELY, individually; and JOSEPH GENTRI, individually, <br><br> Defendants. | Case No. 2:22-cv-00088 <br><br> **COMPLAINT FOR INTERPLEADER RELIEF** |

**NOW COMES** Plaintiff Hartford Life and Accident Insurance Company ("Plaintiff" or "Hartford"), by and through its undersigned counsel, and for its Complaint for Interpleader Relief, states as follows:

## I.   PARTIES

1.     Hartford is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut.

COMPLAINT FOR INTERPLEADER
RELIEF - 1
Case No. 2:22-cv-00088

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    2.    Upon information and belief, Defendant Moryssa N. Ely ("Ely") is the

2    ex-spouse of Jacob Gentri ("Decedent") and is a citizen of the State of Washington

3    and a resident of, and domiciled in, Moses Lake, Grant County, Washington.

4    3.    Upon information and belief, Defendant Joseph Gentri ("Gentri") is the

5    Father of Decedent and is a citizen of the State of Montana and a resident of, and

6    domiciled in, Missoula County, Montana.

## II.    <u>JURISDICTION AND VENUE</u>

8    4.    This action is brought pursuant to Rule 22 of the Federal Rules of Civil

9    Procedure ("Rule Interpleader") and 28 U.S.C. § 1335 ("Statutory Interpleader").

10    5.    This Court has original jurisdiction over this action, pursuant to general

11    federal question under 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 1132(e)(1)

12    because this action arises under the Employee Retirement Income Security Act of

13    1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the United States

14    and provides an independent basis of federal jurisdiction that is also sufficient for

15    rule interpleader under Rule 22.

16    6.    This Court also has jurisdiction pursuant to 28 U.S.C. § 1335 (Statutory

17    Interpleader), as the amount in controversy exceeds $500 and the Defendants are

18    citizens of and domiciled in different states.

19    7.    Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C.

20    § 1397, because at least one of the defendants resides in this District.

COMPLAINT FOR INTERPLEADER
RELIEF - 2
Case No. 2:22-cv-00088

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1

## III.    FACTUAL BACKGROUND

2

8.    Decedent was an employee of Confluence Health ("Employer"), and a

3

participant in an ERISA-regulated life insurance and accidental death and

4

dismemberment plan ("Plan").

5

9.    Benefits under the Plan were funded by a group policy of basic life

6

insurance policy ("Life Policy"), Policy No. 681334, issued by Hartford.

7

10.    Hartford, as the claim administrator for claims made under the Policy,

8

must administer claims in accordance with ERISA and the documents and

9

instruments governing the Plan.  29 U.S.C. § 1104(a)(1)(D).

10

11.    ERISA defines a beneficiary as a person designated by a participant, or

11

by the terms of an employee benefit plan, who is or may become entitled to a benefit

12

thereunder.  29 U.S.C. § 1002(8).

13

12.    The Life Policy establishes the right of a participant to name his or her

14

beneficiary, and states that benefits will be paid to the designated beneficiary.  Filed

15

with this Complaint is the Declaration of Kerry Fritz ("Fritz Decl.") filed

16

contemporaneously with this Complaint, which contains the Hartford Policy and

17

Claim file materials relevant to this matter.

18

13.    The Policy states the following regarding designating a beneficiary:

19

**Beneficiary Designation:** *How do I designate or change my beneficiary?*

20

COMPLAINT FOR INTERPLEADER
RELIEF - 3
Case No. 2:22-cv-00088

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1

> You may designate or change a beneficiary by doing so in writing on a form satisfactory to Us and filing the form with the Employer. Only satisfactory forms sent to the Employer prior to Your death will be accepted.
>
> Beneficiary designations will become effective as of the date You signed and dated the form, even if You have since died. We will not be liable for any amounts paid before receiving notice of a beneficiary change from the Employer.
>
> In no event may a beneficiary be changed by a power of attorney.

*See* Fritz Decl., Exhibit 1, p. 28.

14. Upon information and belief, Decedent died on September 17, 2021. *See* Fritz Decl., Exhibit 2.

15. At the time of his death, the Decedent was enrolled for basic life coverage.

16. As of the date of his death, Decedent was insured for $35,000 under the basic life coverage which became payable to the proper beneficiary or beneficiaries upon his death, depending on the circumstances and facts of his death, and subject to all terms and conditions of the Policy.

17. Decedent's beneficiary designation named Defendant Ely as a beneficiary to receive 100% of the total benefit. *See* Fritz Decl., Exhibit 3.

18. As of the date of this filing, Hartford has not received a beneficiary statement from Defendant Ely.

COMPLAINT FOR INTERPLEADER
RELIEF - 4
Case No. 2:22-cv-00088

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

19.     Hartford received a sworn statement from Defendant Gentri claiming "Decedent's interest in the Hartford Insurance Claim No. 17444447, as a successor, and as defined in RCW 11.62.005" dated December 28, 2021.  *See* Fritz Decl., Exhibit 4.

20.     Defendant Gentri stated that he was claiming "Decedent's property on behalf of Decedent's minor son . . . and pursuant to the Uniform Transfer to Minor's Act."  *See* Fritz Decl., Exhibit 4 at ¶ 7.

21.     Hartford received a letter from Defendant Gentri's attorney stating that at the time of his death, Decedent and Defendant Ely were divorced and pursuant to "RCW 11.07.010(2)(a), when a policy names a former spouse as beneficiary, and the marriage is dissolved, then such beneficiary designation is revoked, and that former spouse (here, Moryssa) is treated as having predeceased the policy holder (here, Jacob)."  *See* Fritz Decl, Exhibit 5.

22.     Defendant Gentri's attorney attached a copy of Decedent and Defendant Ely's Divorce Decree.  *See* Fritz Decl., Exhibit 6.

23.     Hartford has not paid any amount of the basic life benefits (the "Death Benefit") to any party.

24.     Per the Beneficiary Designation, Defendant Ely would be entitled to $35,000 of the Death Benefits.  *See* Fritz Decl., Exhibit 3.

COMPLAINT FOR INTERPLEADER
RELIEF - 5
Case No. 2:22-cv-00088

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

25.    Revised Code of Washington ("RCW") 11.07.010(2)(a) provides, in part:

> If a marriage or state registered domestic partnership is dissolved or invalidated, or a state registered domestic partnership terminated, a provision made prior to that event that relates to the payment or transfer at death of the decedent's interest in a nonprobate asset in favor of or granting an interest or power to the decedent's former spouse or state registered domestic partner, is revoked. A provision affected by this section must be interpreted, and the nonprobate asset affected passes, as if the former spouse or former state registered domestic partner, failed to survive the decedent, having died at the time of entry of the decree of dissolution or declaration of invalidity or termination of state registered domestic partnership.

26.    ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). A state law relates to an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). When state laws require administrators to pay benefits to beneficiaries pursuant to state law, rather than to those identified in the plan documents, those statutes have a prohibited connection with ERISA plans and are preempted. *See generally Egelhoff v. Egelhoff*, 532 U.S. 141 (2001).

27.    Based upon the surrounding facts and circumstances of Decedent's death, Hartford cannot determine whether a court would find that Defendant Ely would be entitled to the Death Benefit, or whether a court would determine Defendant Gentri should receive said benefit.

COMPLAINT FOR INTERPLEADER RELIEF - 6
Case No. 2:22-cv-00088

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

28.    In light of the potential claim of Defendant Ely arising from and existing claim from Defendant Gentri, Hartford cannot determine the proper beneficiary for the Death Benefits at issue and is exposed to the actual or potential of competing claims for such benefits.

29.    Conflicting issues of fact and law exist as to the proper beneficiary of the Death Benefits and Hartford has, therefore, been unable to determine who is entitled to the Death Benefits without risking potential exposure to multiple liabilities.

30.    Hartford is now, and at all times has been, ready and willing to pay the Death Benefits to the party or parties legally entitled to them.

31.    Hartford is merely a stakeholder and claims no beneficial interest in the Death Benefits, except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader.

32.    Hartford cannot determine the proper beneficiary of the Death Benefits without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments of the amount due.

**WHEREFORE**, Plaintiff Hartford Life and Accident Insurance Company, respectfully requests that the Court:

COMPLAINT FOR INTERPLEADER
RELIEF - 7
Case No. 2:22-cv-00088

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

A.     Permit Hartford to remit the Death Benefits into the registry of this Court;

B.     Order Defendants to answer and present their claims to the Death Benefits;

C.     Issue an Order enjoining and restraining Defendants from instituting or prosecuting any action or proceeding in any State or United States court against Hartford, the Policy, the Plan, or Employer for the recovery of the Death Benefits;

D.     Dismiss Hartford with prejudice from this action, and discharge Hartford, the Policy, the Plan, and Employer and each of their respective officers, directors, employees, fiduciaries, successors and assigns from any further liability upon payment of the Death Benefits into the Registry of this Court, or as otherwise directed by this Court;

E.     Permit Hartford to recover its costs and attorneys' fees in connection with this action; and

F.     Order such other and further relief as this Court deems just and proper.

///

///

///

///

///

COMPLAINT FOR INTERPLEADER
RELIEF - 8
Case No. 2:22-cv-00088

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    Respectfully submitted this 27th day of April, 2022.

2                                OGLETREE, DEAKINS, NASH, SMOAK
                                 & STEWART, P.C.
3
                                 By: */s/ Russell S. Buhite*
4                                    Russell S. Buhite, WSBA #41257
                                     1201 Third Avenue, Suite 5150
5                                    Seattle, WA 98101
                                     Telephone:  (206) 693-7052
6                                    Facsimile:  (206) 693-7058
                                     Email:  russell.buhite@ogletree.com
7
                                 *Attorneys for Defendant HARTFORD*
8                                *LIFE AND ACCIDENT INSURANCE*
                                 *COMPANY*
9

10

11

12

13

14

15

16

17

18

19

20

COMPLAINT FOR INTERPLEADER
RELIEF - 9
Case No. 2:22-cv-00088

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058